State Court of Fulton County
**E-FILED**
20EV004706
8/19/2020 5:20 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| PATRICIA ANN PERDUE, Individually, and as Surviving Parent and as Personal Representative and Proposed Administratrix of the Estate of JEREMIAH JAMARIO PERDUE,<br><br>Plaintiff,<br>v.<br><br>THE CITY OF ATLANTA, ITS OFFICERS, AGENTS AND ASSIGNS, ERICA SHIELDS AND RODNEY BRYANT, CHIEF OF POLICE, THE ATLANTA POLICE DEPARTMENT, individually and in THEIR official capacity as CHIEF OF POLICE, JOHN DOE 1-5, individually and in their official capacity as City of Atlanta current and/or former employees<br><br>Defendants. | ) <br>) <br>) <br>) <br>) CIVIL ACTION <br>) NO._____ <br>) <br>) <br>) <br>) <br>) <br>) |

## COMPLAINT FOR DAMAGES

COMES NOW, **PATRICIA ANN PERDUE**, Individually, as parent of **JEREMIAH JAMARIO PERDUE** and Personal Representative and proposed Administrator of the Estate of **JEREMIAH JAMARIO PERDUE** and files this Complaint for Damages against Defendants, **THE CITY OF ATLANTA, ITS OFFICERS, AGENTS AND ASSIGNS, ERICA SHIELDS AND RODNEY BRYANT CHIEF OF POLICE OF THE ATLANTA POLICE DEPARTMENT, AND, JOHN DOES 1-5**, individually and in their official capacity as City of Atlanta current and/or former employees (hereinafter "**DOES 1-5**")and alleges as follows:

## NATURE OF ACTION

1.

This is an action for damages arising from the wrongful and unconstitutional shooting death of JEREMIAH JAMARIO PERDUE, an unarmed civilian by one or more Atlanta Police Officers (hereinafter "JOHN DOES") with the City of Atlanta Police Department (hereinafter "APD") on August 19, 2018. Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES maintained policies, customs and practices which failed to adequately train and supervise APD police officers in the use of force, instead emphasizing military-style policing techniques. Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES also failed to provide APD officers with essential training necessary to handle foreseeable encounters with non-violent citizens suffering from mental illness. Combined with the increasing "militarization" of the City of Atlanta police force, this lack of training foreseeably and inevitably resulted in a pattern of constitutional violations, including the killing of JEREMIAH JAMARIO PERDUE ("Mr. PERDUE"). In addition to systemic practices and policies of CITY OF ATLANTA, Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES failed to take remedial action against Defendant JOHN DOES despite their repeated, documented and escalating instances of aggressive, unprofessional and unlawful actions, which culminated in the shooting of Mr. PERDUE. Together, this ongoing pattern and practice Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES resulted in the deprivation of CITY OF ATLANTA citizens' – including Mr. PERDUE's -- constitutional rights in violation of 28 U.S.C. § 1983. At a minimum, Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES were deliberately indifferent to Mr. PERDUE's constitutional rights, resulting in his death at the hands of Defendants.

## PARTIES, JURISDICTION, AND VENUE

2.

2a.   Defendant, CITY OF ATLANTA, is a municipality in the State of Georgia and is subject to the jurisdiction and venue of this Honorable Court and may be personally served with a copy of this Complaint and Summons.

2b.   Defendant, ERICA SHIELDS AND RODNEY BRYANT is or was the Chief of Police of the CITY OF ATLANTA POLICE DEPARTMENT, in the State of Georgia and is subject to the jurisdiction and venue of this Honorable Court and may be personally served with a copy of this Complaint and Summons.

2c.   Defendants JOHN DOE 1-5 are residents of the State of Georgia and are subject to the jurisdiction and venue of this Honorable Court.

3.

Plaintiff, **PATRICIA ANN PERDUE**, is the mother of JEREMIAH JAMARIO PERDUE, and is subject to the jurisdiction and venue of this Honorable Court.

4.

On or about August 19, 2018, JEREMIAH JAMARIO PERDUE, deceased herein, experienced a mental episode emanating from a mental disorder causing a domestic disturbance. A 911 call for emergency medical assistance was made. Mr. PERDUE was displaying no signs of aggression.

5.

Officers of the CITY OF ATLANTA Police Department, including JOHN DOES, responded to the 911 call. JOHN DOES, as a result of Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES policies and practices which exhibited

deliberate indifference to the constitutional rights of City of Atlanta citizens, used illegal and excessive force without justification, opening fire and killing Mr. PERDUE shooting him in the back after his mother pointed him out from across the street. At no time before or during the shooting did Mr. PERDUE present a threat to JOHN DOES or anyone else.

6.

Mr. PERDUE's violent death was the direct result of policies and practices of Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES. Specifically, Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES failed to implement adequate policies and procedures for responding to calls for service involving citizens exhibiting traits of a mental or psychological disorder. Further, Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES failed to provide adequate training in the use of lethal force and alternatives to lethal force, including allowing Defendant JOHN DOES to wear his only lethal weapon on the side of his body corresponding to his dominant hand. Finally, Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES hired and retained Defendant JOHN DOES despite repeated instances of unlawful and aggressive behavior. Mr. PERDUE died because of these failures in Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES policies, customs, and practices. As such, all named Defendants are legally responsible for Mr. PERDUE's death.

7.

Plaintiffs demand a jury trial and seek an award of economic, compensatory and punitive damages, as well as an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Plaintiffs also assert supplemental state law claims.

8.

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of law of Plaintiffs' rights as secured by the Georgia and United States Constitutions.

9.

At all times relevant to this action, JEREMIAH JAMARIO PERDUE (deceased) was a citizen, unmarried and resident of Fulton County, Georgia. Mr. PERDUE was an adult citizen of the United States of America residing in Fulton County, Georgia. As such, Mr. PERDUE was entitled to exercise all of the rights and privileges provided by the Constitutions of the State of Georgia and the United States of America, including the Fourth Amendment.

## FACTS COMMON TO ALL COUNTS

10.

At all times relevant to this action, Defendant JOHN DOES were police officers employed by the City of Atlanta, working as law enforcement officers for APD, and acting within the scope and in furtherance of their employment.

11.

Defendant JOHN DOES, at all times relevant to this Complaint, were acting under the color of law, statutes, regulations, customs, practices and usages of the City of Atlanta.

12.

Defendant JOHN DOES, without legal cause or excuse, used unlawful and excessive force against Mr. PERDUE, killing Mr. PERDUE in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. He is sued both in his individual and official capacities for compensatory and punitive damages.

13.

The City of Atlanta is now, a body corporate as defined by O.C.G.A. § 36-1-3 and is a governmental subdivision of the State of Georgia. The City of Atlanta is a governmental unit responsible under State law for properly maintaining, operating, and funding the APD. At all times relevant to this action, the City of Atlanta acted through the APD and various other employees and officials of the APD and the City of Atlanta. The unlawful acts, edicts and practices alleged in this Complaint represent the official policies or decisions promulgated by the City of Atlanta or visited pursuant to City of Atlanta custom and practice.

14.

Defendants City of Atlanta, ERICA SHIELDS AND RODNEY BRYANT and JOHN DOES were acting as an official of City of Atlanta within the scope of their duties and under the color of laws, statutes, regulations, customs, practices and usage of the City of Atlanta and the State of Georgia. The unlawful acts, edicts and practices alleged in this Complaint represent the official policies or decisions promulgated by Defendants or visited pursuant to custom and practice. Defendants are sued individually and in their official capacities.

15.

It was well known, or should have been well known, to Defendants on August 19, 2018 at the time of Mr. PERDUE's shooting death, that due to the deinstitutionalization of mental health in the 1960s and the federal funding cuts to mental health funding, police officers now are often the most initial common responders engaging citizens experiencing a mental health episode. Defendants failed to properly respond resulting in the death of Mr. Perdue.

**WRONGFUL DEATH AGAINST DEFENDANTS**

16.

Upon information and belief, Defendants, Individually and/or collectively caused a delay in the treatment and care of decedent JEREMIAH JAMARIO PERDUE contributing in part to the damages sought in this action when Defendants, Individually and/or collectively by failing to promptly seek the needed medical care and treatment of JEREMIAH JAMARIO PERDUE

17.

Movant incorporates by reference paragraphs 1-16 as if fully stated herein.

18.

On or about September 11, 2017, the deceased, JEREMIAH JAMARIO PERDUE, herein, was shot in the back without provocation by law enforcement officers.

19.

As a direct and proximate result of the negligence of Defendants, as outlined herein, JEREMIAH JAMARIO PERDUE was shot in the back while not presenting any threat resulting in death.

20.

As a further direct and proximate result of the negligence of Defendants, Plaintiffs, individually and on behalf of JEREMIAH JAMARIO PERDUE, deceased, and as proposed personal representative of the Estate of JEREMIAH JAMARIO PERDUE, and for the benefit of the deceased's estate and survivors as defined by the Georgia Wrongful Death Act O.C.G.A. 51-4-1 et. seq. hereby makes a claim against Defendants for damages as provided under the act, including, but not limited to the following:

a. For the estate conscious pain and suffering until the date of death, any medical or funeral and burial expenses that have become charges against the estate, or were paid on behalf of the decedent.

b. The full value of the life of decedent for the next of kin, JEREMIAH JAMARIO PERDUE, individually.

c. Any and all other rights and causes of action for damages which enures to the benefit of the survivors under the Georgia Wrongful Death Act. Including the value of life of the decedent, JEREMIAH JAMARIO PERDUE, for the next of kin, JEREMIAH JAMARIO PERDUE, individually and as proposed administrator of the Estate of JEREMIAH JAMARIO PERDUE.

21.

Wherefore, Plaintiff, JEREMIAH JAMARIO PERDUE, SR., individually, and as proposed administrator of the Estate of JEREMIAH JAMARIO PERDUE, the father and survivor of the deceased JEREMIAH JAMARIO PERDUE, demands judgment for damages in an amount recoverable under the Georgia Wrongful Death Act including the value of the life of JEREMIAH JAMARIO PERDUE and other laws regarding negligence which will adequately reflect the enormity of the Defendants wrong in causing the death of JEREMIAH JAMARIO PERDUE, deceased and cost against the Defendants, and trial by jury on all issues so triable.

## PERSONAL INJURY/SURVIVAL AGAINST DEFENDANTS

22.

Movant re-alleges paragraph 1-21 of the previous allegations.

23.

This is a survival action pursuant to O.C.G.A. 9-2-41.

24.

Upon information and belief, JEREMIAH JAMARIO PERDUE experienced pain and suffering from the time he was shot until the time of death.

25.

As a direct and proximate result of the negligence of the Defendants, JEREMIAH JAMARIO PERDUE suffered serious bodily injury, scarring and disfigurement, aggravation of a previously existing condition, and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and loss of ability to earn money. The losses are either permanent or continuing.

26.

Plaintiffs individually and for JEREMIAH JAMARIO PERDUE, demand judgment for damages in an amount recoverable and other laws regarding negligence which will adequately reflect the enormity of the Defendants wrong in causing the injuries to JEREMIAH JAMARIO PERDUE, and cost against the Defendants, and trial by jury on all issues so triable.

27.

Movants decedent incurred approximately in excess of $10,000.00 in medical and or funeral bills.

WHEREFORE, Movants demand:

a. Trial by jury on all issues be given;
b. That past, present and future general damages be awarded in an amount to be determined by the enlightened conscience of a jury.

c. Punitive damages in an amount sufficient to punish the Defendant for the gravity of his acts and omissions as outlined above.

d. That past, present and future special damages be awarded, including medical bills and loss wages.

e. That summons and process be issued as provided by law.

f. Costs and interests from the date of demand until paid; and

g. That she be granted such other and further relief as this Court deems just and proper.

This 18th day of August 2020.

Respectfully submitted,

RANDAL ALONZO MANGHAM, LLC

_Randal_

Randal A. Mangham, Esq.
Georgia Bar No. 468767
Attorney for Plaintiff

P.O. Box 1558
Atlanta, GA 30301-1558
(404) 525-0100 – Office
(404) 745-0857 – Facsimile